18-1584
Rivas-Cruz v. Barr

BIA
Verrillo, IJ
A206 799 941

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of August, two thousand twenty.

PRESENT:
　　　　DEBRA ANN LIVINGSTON,
　　　　RAYMOND J. LOHIER, JR.,
　　　　STEVEN J. MENASHI,
　　　　　　*Circuit Judges.*
_____

JUAN ARNOLDO RIVAS-CRUZ,
　　　*Petitioner,*

　　v.　　　　　　　　　　　　　　　　18-1584
　　　　　　　　　　　　　　　　　　　NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
　　　*Respondent.*
_____

FOR PETITIONER:　　　　Ramiro Alcazar, Meriden, CT.

FOR RESPONDENT:　　　　Joseph H. Hunt, Assistant Attorney
　　　　　　　　　　　　General; Leslie McKay, Senior
　　　　　　　　　　　　Litigation Counsel; Corey L.
　　　　　　　　　　　　Farrell, Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Juan Arnoldo Rivas-Cruz, a native and citizen of Honduras, seeks review of an April 25, 2018 decision of the BIA affirming an August 22, 2017 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Juan Arnoldo Rivas-Cruz,* No. A 206 799 941 (B.I.A. Apr. 25, 2018), *aff'g* No. A 206 799 941 (Immig. Ct. Hartford Aug. 22, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Y.C. v. Holder*, 741 F.3d 325, 332 (2d Cir. 2013).

Rivas-Cruz's argument that the agency lacked jurisdiction over his removal proceedings because his notice to appear did not include a hearing date or time is foreclosed by *Banegas Gomez v. Barr,* 922 F.3d 101, 110-12 (2d Cir. 2019).

Because Rivas-Cruz has not challenged the denial of his CAT claim, we address only asylum and withholding of removal. For asylum and withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *id.* § 1231(b)(3)(A); *see also Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (BIA 2010). There may be "more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground." *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (internal quotation marks omitted). An applicant "must provide *some* evidence of [a persecutor's motives], direct or circumstantial." *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 291 (2d Cir. 2007).

Substantial evidence supports the agency's determination that Rivas-Cruz failed to demonstrate that the harm he suffered or fears was or would be on account of his membership in his proposed particular social group of "children with parents in the United States," even assuming that the proposed group is cognizable. Rivas-Cruz's testimony that the gang robbed him because they knew he had a parent in the United States was speculative. He acknowledged that the gang only wanted money, that other people without a parent in the United States were robbed, and that the gang was less likely to target poor people with relatives in the United States. And as Rivas-Cruz concedes and the country conditions evidence confirms, extortion and violence at the hands of gang members impacts the population of Honduras beyond children who have a parent in the United States.

This record provides substantial evidence for the conclusion that Rivas-Cruz was targeted because he was thought to have money. Harm as a result of "general crime conditions" does not constitute persecution on account of a protected ground. *Melgar de Torres v. Reno,* 191 F.3d 307, 314 (2d Cir. 1999); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d

4

70, 74 (2d Cir. 2007) ("[H]arm motivated purely by wealth is not persecution."). This nexus determination is dispositive of both asylum and withholding of removal, so we need not reach the agency's additional finding that Rivas-Cruz's proposed particular social group was not cognizable. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court